# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:11-CV-496-RJC-DCK

| | | |
|---|---|---|
| EDWARD LOUIS BEARDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| CHARLOTTE PALM CORPORATION | ) | |
| and PALM MANAGEMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the Court's jurisdiction. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the "Complaint" (Document No. 1-1), the record, and applicable authority, the undersigned finds that supplemental briefing might assist the Court's consideration of this case.

Plaintiff Edward Louis Bearden, Jr. ("Plaintiff") filed his Complaint (Document No. 1-1) in this action on September 1, 2011 in Mecklenburg County Superior Court, against Defendants Charlotte Palm Corporation ("the Palm") and Palm Management Corporation ("Palm Management") (collectively "Defendants"), alleging that Defendants constructively discharged him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). (Document 1-1). On October 6, 2011, Defendants removed the case to this Court. (Document No. 1).

A claim may be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). One of the jurisdictional prerequisites for filing a Complaint under the ADEA

is that a lawsuit be filed within ninety (90) days of the date of receipt of an Equal Employment Opportunity Commission ("EEOC") "notice of right to sue" letter. 29 U.S.C. § 626(e); see also, Robinson v. N.C. Employment Security Commission, 3:09-CV-088-FDW-DSC, 2009 WL 3526495 at *4 (W.D.N.C. Oct. 23, 2009).

In this case, Plaintiff asserts that the EEOC issued his "notice of right to sue" on or about May 16, 2011, "entitling him to commence this action within 90 days of his receipt of that notice." (Document No. 1-1, p.5). However, Plaintiff's Complaint was filed on September 1, 2011, well over ninety (90) days after issuance of the notice. The Complaint, filed by counsel, contends that Plaintiff "has satisfied all private, administrative and judicial prerequisites to the institution of this action." Id.

The undersigned observes that relevant authority establishes that "the 90-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the 90-day period will be dismissed." Panyanouvong v. Vienna Wolftrap Hotel, 525 F.Supp.2d 793, 796 (E.D.Va. 2007) (citations omitted). "When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, Fed.R.Civ.P. 6(e) creates the presumption that notice was received three days after it was mailed." Id.

Based on the foregoing, and absent any appropriate explanation from the parties, it appears that Plaintiff's Complaint was not timely filed. See Fisher v. Maryland Dept. Of Housing And Community Development, 32 F.Supp.2d 257, 264 (D.Md. 1998); Reeves v. United Parcel Services, 2007 WL 2326891 at *4 (D.S.C. Aug. 10, 2007). Therefore, prior to considering "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 6) filed pursuant to Fed.R.Civ.P. 12(b)(6), the undersigned will require the parties to file supplemental briefs addressing whether

Plaintiff's Complaint was timely filed and whether this Court has jurisdiction over this matter pursuant to Fed.R.Civ.P. 12(b)(1).

**IT IS, THEREFORE, ORDERED** that the parties shall file supplemental briefs of **five (5) pages or less**, addressing the issues raised herein, on or before **December 30, 2011**.

**SO ORDERED**.

Signed: December 14, 2011

David C. Keesler
United States Magistrate Judge

3