UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-496-RJC-DCK

| | |
|---|---|
| EDWARD LOUIS BEARDEN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE PALM CORPORATION )<br>and PALM MANAGEMENT )<br>CORPORATION, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Defendants Charlotte Palm Corporation and Palm Management Corporation's ("Defendants") Motion to Dismiss, (Doc. No. 6), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14), recommending that this Court grant Defendants' Motion to Dismiss, and Plaintiff's "Objection" to the M&R, (Doc. No. 16).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. After terminating his counsel, Plaintiff filed a letter "objection" which does not actually object to any of the Magistrate Judge's findings. See (Doc. No. 16). Instead Plaintiff asks this Court to allow him to take depositions of fellow employees. (Id.). The Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Here, the Court reviews the M&R for clear error.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

Plaintiff alleges that Defendants constructively discharged him from his bartending position at their Charlotte restaurant, The Palm, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. In support of his claim, Plaintiff states that Defendants fostered an environment in which managers were encouraged to mock and disparage Plaintiff as an "old man" and to dismiss any of his concerns as those of a "grumpy old man." (Doc. No. 1-1 at 7). Plaintiff further alleges that he was told to serve an alcoholic drink to a chef working at the restaurant in violation of North Carolina law. (Doc. No. 1-1 at 8). Plaintiff subsequently resigned. (Id. at 9).

Defendants argue that Plaintiff's constructive discharge claim fails because "in order to establish a cause of action under the ADEA, a plaintiff must demonstrate that but for the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been discharged." (Doc. No. 7 at 5) (quoting E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 940); see also Gross v. FBL Fin. Servs., Inc., 129 S.Ct. 2343, 2350-51 (2009). Defendants contend that Plaintiff has not only failed to demonstrate that his age was the "but for" cause of Defendants' actions, his Complaint fails to state either element of a constructive discharge claim. Id. The Magistrate Judge agreed, noting:

> The Complaint lacks any specifics about who, or when, or how often Plaintiff might have been mocked, disparaged or called names by Defendants' managers. (Document No. 1-1). As Defendant explains through relevant caselaw:
>
> The doctrine of constructive discharge protects an employee "from a calculated

3

> effort to pressure him into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by his co-workers." . . . The employee "is not, however, guaranteed a working environment free of stress." . . . Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.

(Doc. No. 14 at 7) (citing Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994)). The Magistrate Judge found that while Defendants' actions were unpleasant, these "isolated incidents" did not "support a finding that a reasonable person facing these circumstances would feel compelled to resign." (Id.). "There is no suggestion in the Complaint or elsewhere that Plaintiff suffered any consequences or disparaging treatment based on these actions. Contrary to Plaintiff's assertions that the conditions were intolerable, it appears that he went on with his duties." (Id.).

In recommending that this Court grant Defendants' Motion to Dismiss, the Magistrate Judge found the following:

> Plaintiff has failed to state a plausible claim for age discrimination by constructive discharge. Simply put, Plaintiff's bald assertions that Defendants' actions were based on his age are not sufficiently supported by his own factual allegations. Rather, Plaintiff's own assertions indicate that a younger individual was subjected to the same treatment. To the extent Plaintiff may have been referred to as a "grumpy old man" by other employees, such unpleasantness does not support a finding of an intolerable condition that would force a reasonable person to resign.

(Id. at 8-9).

After a review of the record in this case, the Court finds that the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Plaintiff's "objection" letter has not shown that the Magistrate Judge's M&R was contrary to law or clearly erroneous. His objections, (Doc. No. 16), are denied. Thus, the Court denies Plaintiff's objection, (Doc. No. 16), adopts the Magistrate Judge's M&R, (Doc. No. 14), and grants Defendants' Motion to Dismiss, (Doc. No. 6).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Objection, (Doc. No. 16), is **DENIED**;

2. The Magistrate Judge's M&R is **ADOPTED**; and

3. Defendants' Motion to Dismiss, (Doc. No. 6), is **GRANTED**.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge